VAAITAUTIA T. TALAMONI, Claimant

v.

TAVITA TUFAGA, JR., Objector/Counterclaimant

In *re* the Matai Title "NIUMATALOLO" of the village of Aua.

High Court of American Samoa
Land and Titles Division

MT No. 08-91

November 4, 1994

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, AFUOLA Associate Judge, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Claimant, Tauese P. Sunia
 For Objector, Asaua Fuimaono

Order of Dismissal:

On September 20, 1990, Vaaitautia T. Talamoni ("Talamoni") filed with the Territorial Registrar's·Office his claim to succession to the matai title Niumatalolo attached to the village of Aua. Fifty-two signatories subscribed to Talamoni's claim, each proposing to be qualified family heirs to the title. On December 12, 1990, Tavita Tufaga ("Tufaga") filed his objection and counterclaim, which was supported by fifteen allegedly qualified family heirs to the title. Since his succession claim was short of the required twenty-five supporting family signatories pursuant to A.S.C.A. § 1.0407(b),[1] he additionally filed an affidavit under A.S.C.A.

---

[1] This enactment requires that "[a] counterclaim or objection must be supported by a petition signed by *no less than 25* persons related by blood to the title in question" (emphasis added).

24

§ 1.0407(d),[2] stating that the family had less than twenty-five qualified family members. The matter was then duly submitted by the Territorial Registrar, pursuant to A.S.C.A. § 43.0302, to the Office of Samoan Affairs.

On September 6, 1991, the Secretary of Samoan Affairs certified an irreconcilable dispute to the Land and Titles Division of the High Court in accordance with A.S.C.A. § 1.0409. Pursuant to T.C.R.L.T. 3, each party filed his answers to questionnaires and the matter was set for trial on July 2, 1992. Trial, however, was continued on the stipulation of counsel because one of the parties was undergoing a major medical operation. The matter then lay dormant until July 21, 1994, when Tufaga filed his motion to have the title Niumatalolo awarded to him by default since Talamoni had passed away. This motion came regularly before the Court on August 24, 1994. The motion was denied. However, the matter was continued, by way of a show cause hearing, in order to give Tufaga time to be heard on the issue of whether his succession petition should not be dismissed for failure to comply with the requirements of A.S.C.A. §1.0407(b).

At the show cause hearing, held on October 28, 1994, Tufaga presented no evidence and submitted the matter on his Memorandum of Points and Authorities filed herein. His principal contention seems to be that his case is distinguishable from *In re Matai Title I`aulualo,* 25 A.S.R.2d 116 (Land & Titles Div. 1994),[3] since the candidate in *I`aulualo* was disqualified on "documentary evidence and that of his own," which proved his A.S.C.A.

---

[2] This enactment provides that "[i]n the event the family does not have the number of members qualified as required to support the counterclaim or the objection, the counterclaimant or objector shall so state in a signed affidavit." It is to be noted that the exact same requirement is also required of an initiating claimant. *See* A.S.C.A. § 1.0405(b).

[3] In *In re Matai Title I`aulualo*, we rejected an argument that merely filing an A.S.C.A. §1.0407(d) affidavit excused an objector/counterclaimant from A.S.C.A. §1.0407(b)'s mandate of twenty-five supporting family signatories when the affidavit proved to be factually incorrect. Accordingly, we dismissed an objection/counterclaim that contained less than the statutorily mandated twenty-five qualified supporting family signatories. Similarly in *In re Matai Title Patea*, 25 A.S.R.2d 139 (Land & Titles Div. 1994), the Court also rejected the succession claim of an objector who could only muster seventeen supporting family signatures.

§1.0407(d) affidavit to be factually incorrect; whereas in the matter before the court, no evidence has been presented contradicting his own corresponding A.S.C.A. §1.0407(d) affidavit--to the effect that the Niumatalolo family has less than twenty-five qualified family members.

We note that claimant Talamoni had fifty-two supporting signatories to his verified petition, which immediately suggests that the Niumatalolo family exceeds twenty-five in number. Additionally, Talamoni obtained another ninety-one signatories, each claiming to be qualified family members of the Niumatalolo family. Tufaga, however, provided no evidence to disprove the claims of the signatories to Talamoni's petition that they were qualified family members. Tufaga has failed to show cause and accordingly we hold that his counterclaim is defective for failure to comply with the requirements of A.S.C.A. §1.0407(b). The succession claim of Tavita Tufaga, Jr., to the title Niumatalolo is, therefore, dismissed without prejudice, and the matter of a successor to the Niumatalolo title is hereby remanded back to the Niumatalolo family.

It is so ordered.